**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-02883-MSK

**SHALONDA L. HICKS,**

    Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

    Defendant.[1]

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

**THIS MATTER** comes before the Court on Ms. Hicks' Joint Motion for Order to Approve Stipulation of Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") (**#30**). Having considered the Motion and the Commissioner's Response (**#31**), the Court

**FINDS** and **CONCLUDES**:

**I.    Jurisdiction**

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

**II.    Background**

Ms. Hicks filed claims for disability insurance benefits and supplemental security income. She asserted that she had been disabled since September 2, 2008 due to nausea,

---

[1] At the time Ms. Hicks filed her appeal, Michael J. Astrue was the Commissioner of Social Security. Carolyn W. Colvin is substituted as the Defendant in this action to reflect her designation as Acting Commissioner of Social Security, effective February 14, 2013.

vomiting, diarrhea and stomach pain. After a hearing before an ALJ, Ms. Hicks' claims were denied in a Decision dated September 14, 2010. Ms. Hicks timely appealed the Decision to the Appeals Council, which denied review. Ms. Hicks subsequently appealed to this Court on November 4, 2011. On March 28, 2013, this Court reversed that decision and remanded the case back to the ALJ for further consideration at Step 4 of the sequential disability evaluation.

In her Motion, Ms. Hicks' requests attorney's fees in the amount of $7120.00 and costs in the amount of $300.00. According to the Motion, Ms. Hicks' counsel and the Commissioner have stipulated to an award of attorney's fees in the amount of $7120.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). However, the Commissioner objects to the amount of costs, arguing that the Court should award only $40.00 in costs (the service of process fee).[2]

Given that the only issue to be resolved in this Motion is the amount of costs to be awarded, an outline of the basis for the costs Ms. Hicks' requests is necessary. She characterizes her request for $300 as a reduction from her actual costs of $556.18. Attached to her Motion are two pages of itemized costs listing expenditures for photocopies, postage and a single service of process charge. Based on this list, the total costs for photocopies was $493.25, the total cost for postage was $22.93 and the total cost for the service of process was $40.00. Neither the specific number of pages nor the cost-per-page were listed. According to the Motion, these copies were necessary because Ms. Hicks' attorney has a "decreasing vision disorder that necessitates

---

[2] On July 16, 2013, Ms. Hicks filed a Motion for Status and Order to Approve Stipulation of Award of Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. §2412 (**#32**). The Court denied this motion (**#33**) because Ms. Hicks' counsel did not comply with D.C.COLO.LCivR 7.1.A. In this second Motion, Ms. Hicks again requested the stipulated attorney's fees, but increased her request for payment of costs to $365.00. Although the Court denied this second Motion for failure to comply with the local rules, this ruling was not meant to also deny Ms. Hicks' original Motion for attorney's fees and costs (**#30**), and the Court herein gives due consideration to this original request.

working from print instead of the direct computer screen." This required the printing of the transcript, client communications and "brief work." According to the Commissioner's Response, Ms. Hicks' attorney stated to the Commissioner's counsel that the cost per page of the copies in Ms. Hicks' itemized list was 50 cents per page. Ms. Hicks' attorney also stated that the actual cost per copy in her office is 12.5 cents per page.

### III.    Issue Presented

The sole issue before the Court is whether Ms. Hicks should be awarded costs of $300.00, pursuant to the EAJA.

### IV.    Discussion

The EAJA provides that a prevailing party in a civil action against the United States may recover costs under 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). 28 U.S.C. § 1920 enumerates certain costs that a court may tax:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"To be recoverable, a prevailing party's transcription and copy costs must be 'reasonably necessary to the litigation of the case.'" *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (citation omitted). The burden of justifying copy costs under 28 U.S.C. § 1920 is not a high one, but does rest with the prevailing party. *In re Williams*, 558

F.3d at 1148-49, (*citing Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)). "The taxing of costs [under 28 U.S.C. § 1920] rests in the sound judicial discretion of the district court." *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

The Court addresses Ms. Hicks' request for payment of the service of process fee, postage and copy costs in turn. First, the Commissioner concedes that Ms. Hicks' request for payment of the $40.00 service of process fee is a valid request under 28 U.S.C. § 1920. Second, Ms. Hicks' request for payment of the $23.93 in postage costs is not a valid request under 28 U.S.C. § 1920. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) (costs for postage fees not authorized).

Third, the Court finds that Ms. Hicks' has adequately justified her copy costs, but that these costs total $123.38. According to her Motion, Ms. Hicks' attorney required paper copies of the transcript, client communications and the briefs because she has a "decreasing vision disorder." Given the low burden for justifying copy costs, Ms. Hicks' attorney's vision problems constitute adequate justification for printing copies, as the ability to read the transcript, client communications and the briefs was necessary to properly litigate this case. According to her itemized list, Ms. Hicks' total copying costs were $493.25. However, her attorney represented to the Commissioner's counsel that she was basing this calculation on costs of 50 cents per page. Dividing $493.25 by .50 results in 986.5 total pages. Rounding up, 987 pages multiplied by Ms. Hicks' actual cost per page (12.5 cents) results in actual copying costs of $123.38. Combined with the $40.00 service of process cost, the Court finds that Ms. Hicks should be awarded $163.38 in costs.

**IT IS ORDERED** that the Motion is **DENIED IN PART** and **GRANTED IN PART** as set forth herein. Payment of Plaintiff's attorney's costs in the amount of $163.38 and attorney's fees in the amount of $7120.00, pursuant to the EAJA, 28 U.S.C. § 2412, shall be made to Plaintiff directly, in care of her attorney, at:

>   Virginia Lee Card Smith
>   V.L. Card Smith Law Office
>   1763 Franklin Street
>   Denver, CO 80218-1124

DATED this 10th day of October, 2013

>   **BY THE COURT:**
>
>   _Marcia S. Krieger_
>   Marcia S. Krieger
>   United States District Judge